1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney

2

3  HALLIE HOFFMAN (CABN 210020)
   Chief, Criminal Division

4  CASEY BOOME (NYBN 5101845)
   Assistant United States Attorney

5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6627
7       Fax: (415) 436-7234
        Casey.Boome@usdoj.gov

8
   Attorneys for United States of America
9
                        UNITED STATES DISTRICT COURT
10
                     NORTHERN DISTRICT OF CALIFORNIA
11
                          SAN FRANCISCO DIVISION
12

13  UNITED STATES OF AMERICA,            )   NO. CR 19-139 WHA
                                         )
14          Plaintiff,                   )   [PROPOSED] ORDER DETAINING
                                         )   DEFENDANT LAMAR DEWAYNE
15      v.                               )   JOHNSON PRIOR TO TRIAL
                                         )
16  LAMAR DEWAYNE JOHNSON,               )
                                         )
17          Defendant.                   )
                                         )
18  _____  )

19

20      On March 21, 2019, the government filed an Indictment charging the defendant with Conspiracy

21  to Commit Robbery Affecting Interstate Commerce and Robbery Affecting Interstate Commerce, in

22  violation of 18 U.S.C. § 1951(a).

23      The matter came before the Court for a detention hearing on May 28, 2019.  The defendant was

24  present and represented by his attorney, Michael Stepanian.  Assistant United States Attorney Casey

25  Boome appeared for the government.  At the hearing, counsel submitted proffers and arguments

26  regarding detention.

27      Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on

28  the record, the Court finds by a preponderance of the evidence that, without a viable surety, no condition

DETENTION ORDER                                                              v. 11/01/2018
CR 19-139 WHA

1  or combination of conditions will reasonably assure the appearance of the defendant as required.  The

2  Court also finds by clear and convincing evidence that, without a viable surety, no condition or

3  combination of conditions will reasonably assure the safety of any other person or the community.

4  Accordingly, the defendant must be detained pending trial in this matter.

5         The present order supplements the Court's findings and order at the detention hearing and serves

6  as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).  As noted on

7  the record, the Court makes the following findings as the bases for its conclusion: the defendant

8  attempted to flee from the law enforcement officers who placed him under arrest; the defendant was

9  aware of the charges pending against him and failed to surrender himself; there is an outstanding felony

10  bench warrant (Alameda County) for the defendant's arrest; the defendant has a history of committing

11  new crimes while under community supervision.  These findings are made without prejudice to the

12  defendant's right to seek review of defendant's detention, or file a motion for reconsideration if

13  circumstances warrant it.  The Court may be willing to reconsider its detention order if the defendant can

14  identify a viable surety.

15         Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

16     1.    The defendant be, and hereby is, committed to the custody of the Attorney General for

17           confinement in a corrections facility separate, to the extent practicable, from persons

18           awaiting or serving sentences or being held in custody pending appeal;

19     2.    The defendant be afforded reasonable opportunity for private consultation with counsel;

20           and

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1    3.    On order of a court of the United States or on request of an attorney for the government,

2          the person in charge of the corrections facility in which the defendant is confined shall

3          deliver the defendant to an authorized United States Marshal for the purpose of any

4          appearance in connection with a court proceeding.

5

6    IT IS SO ORDERED.

7

8    DATED: May 29, 2019

9                                                            _____
                                                             HON. SALLIE KIM
10                                                           United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28